UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                          :
NICHOLAS SORRENTINO,                  :

                                 Petitioner,        :

                  - against -                      :        12-CV-7668 (VSB) (DF)

THOMAS LAVALLEY, Superintendent,   :       **ORDER ADOPTING REPORT &**
Clinton Correctional Facility,               :              **RECOMMENDATION**

                                Respondent.  :
------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 6/21/2016

Appearances:

Nicholas Sorrentino
*Pro se Petitioner*

Karen Sara Schlossberg
Martin John Foncello, III
New York County District Attorney's Office
New York, New York
*Counsel for Respondent*

VERNON S. BRODERICK, United States District Judge:

      Before me is the Report and Recommendation of United States Magistrate Judge Deborah Freeman, dated February 3, 2016, (Doc. 18) (the "Report and Recommendation" or "R&R"),[1] recommending that I deny the writ of habeas corpus filed by Nicholas Sorrentino in its entirety because Sorrentino failed to demonstrate that his conviction resulted from an unreasonable application of federal law.  The Report and Recommendation also recommends

---

[1] Respondent did not file a response to Petitioner's objections within the fourteen-day period for doing so.  *See* Fed. R. Civ. P. 72(b)(2).

that I deny Sorrentino a certificate of appealability because he failed to make a substantial showing that his constitutional rights were abridged, as required by 28 U.S.C. § 2253(c)(2). Because I agree with the Report and Recommendation, I adopt it in its entirety.

## I.   BACKGROUND

Pro se Petitioner Nicholas Sorrentino ("Petitioner") filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254, dated October 12, 2012,[2] (Doc. 1) ("Petition"), following his conviction by a jury on July 17, 2009, for Murder in the Second Degree under New York Penal Law § 125.25(1).  Petitioner challenges his conviction on six grounds:  (1) that the hearing court should have suppressed evidence and statements obtained from Petitioner as a result of an allegedly unlawful arrest, (Petition 7); (2) that the trial court should have suppressed historical cell-site location data and/or conducted a *Frye* hearing with respect to the introduction of such evidence, (Petition 14); (3) that certain hearsay statements made by Jose Raul Prieto ("Prieto"), the decedent, and a medical examiner were erroneously admitted, resulting in a violation of Petitioner's constitutional rights, (Petition 23); (4) that the trial court's *Sandoval* ruling denied him a fair trial, (Petition 33); (5) that the trial court's failure to give a circumstantial-evidence jury instruction denied him a fair trial, (Petition 38); and (6) that Petitioner's sentence was excessive, (Petition 41).

## II.   LEGAL STANDARD

In reviewing a magistrate judge's report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).  Parties may raise specific, written objections to the

---

[2] A prisoner's filings are deemed filed on the date they are delivered to prison officials for mailing. *See Hodge v. Greiner*, 269 F.3d 104, 106 (2d Cir. 2001).  Therefore, I treat the signature date on documents filed by Petitioner as the presumptive filing date of those documents.

2

report and recommendation within 14 days of being served with a copy of the report, *id.*; *see also* Fed. R. Civ. P. 72(b)(2).  When a party submits a timely objection, a district court reviews *de novo* the parts of the report and recommendation to which the party objected.  28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3).  To accept a report to which no timely objection has been made, however, a district court need only satisfy itself that there is no clear error on the face of the record.  *See, e.g.*, *Lewis v. Zon*, 573 F. Supp. 2d 804, 811 (S.D.N.Y. 2008); *Wilds v. United Parcel Serv.*, *Inc.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003).  Under a clear error standard of review, "[s]o long as there is a basis in the evidence for a challenged inference, [the court] do[es] not question whether a different inference was available or more likely." *United States v. Freeman*, 443 F. App'x 664, 666 (2d Cir. 2011) (quoting *Siewe v. Gonzales*, 480 F.3d 160, 168 (2d Cir. 2007)).

    In the present case, the Report and Recommendation advised the parties that they had 14 days from service of the Report and Recommendation to file any objections, and warned that failure to timely file such objections would result in waiver of any right to object.  (R&R 47.)  In addition, it expressly called Petitioner's attention to Rule 72(b) of the Federal Rules of Civil Procedure and Title 28, United States Code, Section 636(b)(1).  (*Id.*)  The R&R was issued on February 3, 2016, and the deadline for filing objections was February 22, 2016.  (Doc. 18.)  As of the date of this Order, no objections have been filed and no request for an extension of time to object has been made.  Accordingly, Petitioner has waived the right to object to the Report and Recommendation or to obtain appellate review.  *See Frank v. Johnson*, 968 F.2d 298, 300 (2d Cir. 1992); *see also Caidor v. Onondaga County*, 517 F.3d 601, 604 (2d Cir. 2008).

    Despite Petitioner's waiver, I have reviewed the Petition and Magistrate Judge Freeman's Report and Recommendation, unguided by objections, and find the Report and Recommendation

to be thorough, well-reasoned and grounded in fact and law.

### III. DISCUSSION

For purposes of this Order, I assume familiarity with the underlying facts and analysis as set forth in Judge Freeman's Report and Recommendation.

Petitioner's first claim for habeas relief—that the hearing court should have suppressed evidence and statements obtained from Petitioner as a result of his allegedly unlawful arrest in New Jersey—lacks merit. (*See* R&R 24-29.) Petitioner alleges that officers of the New York Police Department, including Detective Daniel Casey, violated his rights when they arrested him in New Jersey and then transported him to New York, without first bringing him before a local judge, as required by New Jersey's "Fresh Pursuit" statute, N.J. Stat. Ann. § 2A:155-5. (*See* Petition 7-14.) As set forth in detail in the R&R, (*see* R&R 24-29), even if Petitioner's arrest in New Jersey violated New Jersey's "Fresh Pursuit" statute, "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions," *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991), and it is well-settled that "federal habeas corpus relief does not lie for errors of state law," *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990).

In *Stone v. Powell*, 428 U.S. 465 (1976), the Supreme Court held that, where a state "has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." *Id*. at 494. Petitioner sought suppression of the evidence obtained through his allegedly unlawful arrest through pretrial suppression proceedings and on appeal, and thereby was provided a full and fair opportunity to litigate his Fourth Amendment claim. Thus, Petitioner may not obtain habeas relief based on the trial court's failure to exclude such evidence and Petitioner's first claim for habeas relief is

4

DENIED.

Petitioner's second claim for habeas relief—that the trial court should have suppressed historical cell-site location data, or conducted a *Frye* hearing with respect to the introduction of such evidence—fails for the reasons set forth in the R&R.  (*See* R&R 29-33.)  Petitioner argues that such evidence should have been suppressed because it was obtained:  (1) in violation of his constitutional rights under the Fourth Amendment; and (2) without statutory authority under either state or federal law.  First, as set forth above, the admission of evidence seized in violation of the Fourth Amendment does not provide a ground for habeas relief, as long as the petitioner was afforded a full and fair opportunity to litigate any Fourth Amendment claims in the state courts.  *See Stone*, 428 U.S. at 494.  In light of the fact that Petitioner was provided a full and fair opportunity to litigate his Fourth Amendment claim regarding the cell-site evidence in a pretrial motion to suppress and on direct appeal and the Petition contains no facts suggesting that this process did not provide Petitioner with a full and fair opportunity to litigate the Fourth Amendment issue, he cannot obtain habeas relief on this basis.  Second, Petitioner claims that the cell-site evidence was obtained in violation of the Stored Communications Act, 18 U.S.C. § 7203(d) ("SCA").  Where a habeas claim is premised on a federal statute, rather than the Constitution, relief is available only if the alleged violation is "a fundamental defect which inherently results in a complete miscarriage of justice."  *Reed v. Farley*, 512 U.S. 339, 354 (1994) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1962)); *see also Medellin v. Dretke*, 544 U.S. 660, 664 (2005) (noting that a violation of federal statutory rights is not cognizable in a postconviction proceeding unless the "fundamental defect" test is satisfied).  Furthermore, as the New York courts resolved Petitioner's SCA claims on the merits, the deferential standard of review under the Antiterrorism and Effective Death Penalty Act, 28 U.S.C. § 2244 ("AEDPA"),

applies to my review of their decisions with respect to such claims, *see* 28 U.S.C. § 2254(d). Thus, to obtain habeas relief on this claim, Petitioner must demonstrate both: (1) that the alleged SCA violation was a "fundamental defect," and (2) that New York courts' adjudication of Petitioner's challenge to the admission of historical cell-site information was contrary to, or an unreasonable application of, Supreme Court precedent regarding the interpretation of the SCA. *See Medellin*, 544 U.S. at 664-65. As set forth in the R&R, (*see* R&R 30-31), Petitioner's statutory claim fails because he (i) has failed to demonstrate that the admission of historical cell-site information at trial resulted in a complete miscarriage of justice, *Reed*, 512 U.S. at 354, and (ii) has identified no Supreme Court precedent to the contrary.

The third component of Petitioner's second habeas claim—that the trial court should have held a *Frye* hearing before admitting evidence regarding historical cell-site information—also does not provide a basis for federal habeas relief. The purpose of a *Frye* hearing is only to determine whether expert testimony and evidence has gained general acceptance in the scientific community and is therefore admissible under New York law. *See Perez v. Graham*, No. 13-CV-1428, 2014 WL 523409, at *9 (S.D.N.Y. Feb. 5, 2014), *report and recommendation adopted by* 2014 WL 805958 (S.D.N.Y. Feb. 28, 2014). This is a state evidentiary matter wholly separate from the question of whether the admission of such evidence violates the federal Constitution. *Id.* In general, mere errors of state evidentiary law are not cognizable on habeas review. *See* 28 U.S.C. § 2254(a); *see also Estelle*, 502 U.S. at 68 ("In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." (citations omitted)). For this claim to be cognizable in this habeas proceeding, Petitioner would have to demonstrate not only that the trial court's decision to admit historical cell-site data without conducting a *Frye* hearing was erroneous, but also that this error violated

6

an identifiable constitutional right and deprived him of a "fundamentally fair trial." *See Zarvela v. Artuz*, 364 F.3d 415, 418 (2d Cir. 2004) (emphasis added) (quoting *Rosario v. Kuhlman*, 839 F.2d 918, 925 (2d Cir. 1988)); *Velazquez v. Fischer*, 524 F. Supp. 2d 443, 450 (S.D.N.Y. 2007). In so doing, Petitioner would "bear[] a heavy burden because evidentiary errors generally do not rise to constitutional magnitude." *Copes v. Schriver,* No. 97-CV-2284, 1997 WL 659096, at *3 (S.D.N.Y. Oct. 22, 1997) (citation omitted). In light of the fact that Petitioner fails to identify any federal constitutional right that was violated by the trial court's failure to conduct a *Frye* hearing, (*see* R&R 33), the alleged state-law error is not cognizable on federal habeas review and Petitioner's claim for habeas relief, relating to the state court's admission of historical cell-site location data, is DENIED.

For the reasons set forth in the R&R, Petitioner's third claim for habeas relief—that certain hearsay statements made by the decedent[3] and a medical examiner[4] were erroneously admitted, resulting in a violation of Petitioner's constitutional rights—also lacks merit. (*See* R&R 33-40.) As with Petitioner's second claim, this claim also relates to a state evidentiary matter wholly separate from the question of whether the admission of such evidence violates the federal Constitution. *See Perez v. Graham*, 2014 WL 523409, at *9. In order to demonstrate that the trial court's admission of supposed hearsay rendered his trial constitutionally infirm,

---

[3] The decedent had purportedly informed two friends, who testified at trial, that the decedent told them that he was 1) "having problems" with Petitioner, 2) that Petitioner had stolen his credit cards, 3) that Petitioner had been making several phone calls and unannounced visits to his apartment, and 4) that he was frightened of Petitioner and wanted to end the relationship. (*See* R&R 34-37.) On June 12, 2009, the trial court ruled that such statements were not inadmissible hearsay because they reflected the decedent's then-existing state of mind and negated any suggestion that Petitioner had permission to use the decedent's credit card and checks or was voluntarily admitted into the decedent's apartment. (*Id.*)

[4] Petitioner claims that, by permitting the medical examiner to testify regarding the opinions of other medical examiners, who were not available for cross-examination, the trial court violated Petitioner's Confrontation Clause rights. (*See* Petition 23-33.) As noted by the Appellate Division, the offending testimony consisted, essentially, of Dr. Peter Lin, the Medical Examiner, using the word "We" instead of "I" when referring to his opinion that the fire extinguisher could be the murder weapon. (R&R 39.)

7

Petitioner must be able to show that the ruling not only constituted error, but also that the erroneously admitted evidence "was sufficiently material to provide the basis for conviction or to remove a reasonable doubt that would have existed on the record without it." *Smith v. Grenier*, 117 F. App'x 779, 781 (2d Cir. 2004) (quoting *Collins v. Scully*, 755 F.2d 16, 18 (2d Cir. 1985)). To the extent Petitioner seeks to raise that constitutional claim here, it is exhausted, and this Court must consider the claim under AEDPA's deferential standard of whether the admission of the hearsay testimony deprived Petitioner of a fundamentally fair trial. In light of the overwhelming evidence of Petitioner's guilt, any evidentiary error that might have resulted from the introduction of Prieto's hearsay statements did not deprive Petitioner of a fair trial. (*See* R&R 34-36.) With respect to the testimony of the medical examiner, Petitioner claims that, by permitting Dr. Lin to testify regarding the opinions of other medical examiners, who were not available for cross-examination, the trial court violated Petitioner's Confrontation Clause rights. *See Crawford v. Washington*, 541 U.S. 36, 68 (2004). Even when the Confrontation Clause has been violated, however, a writ of habeas corpus must not issue if the error was harmless. *See Bowen v. Phillips*, 572 F. Supp. 2d 412, 419 (S.D.N.Y. 2008) (citing *Fuller v. Gorczyk*, 273 F.3d 212, 220 (2d Cir. 2001). "Federal courts commonly hold alleged Confrontation Clause violations to be harmless error when the evidence against the petitioner at trial was substantial and/or the improperly admitted testimony was cumulative of other admissible evidence." *Bowen*, 572 F. Supp. 2d at 419 (citing *Ruiz v. Kuhlmann*, 80 F. App'x 690, 694 (2d Cir. 2003). Dr. Lin's testimony that the handle of the fire extinguisher could potentially have made a particular rectangular laceration on the decedent was of little importance to the prosecution's case in light of the fact that there was overwhelming evidence that the fire extinguisher was, in fact, the murder weapon. (*See* R&R 39.) Even if Petitioner is correct that there was a

8

Confrontation Clause violation under *Crawford*, an evaluation of the relevant factors compels the conclusion that such a violation did not have a substantial and injurious effect on the jury's verdict, and was therefore harmless, *Brecht v. Abrahamson*, 507 U.S. 619, 623 (1993). Accordingly, Petitioner's third claim for habeas relief, relating to the admission of hearsay statements, is DENIED.

For the reasons set forth in the R&R, Petitioner's fourth claim for habeas relief—that the trial court's *Sandoval* ruling denied him a fair trial lacks—also lacks merit. (*See* R&R 40-42.) Petitioner asserts that the trial court abused its discretion when it ruled that, if Petitioner took the stand, the prosecution could elicit testimony from him that he had a prior conviction for Endangering the Welfare of a Child, and that this prior crime involved sexual conduct. (Petition 33.) The "admission of prior convictions for the purpose of impeaching the defendant has been characterized as evidentiary in nature," and an erroneous *Sandoval* ruling therefore is "not redressable in a federal habeas corpus proceeding absent a showing that the particular errors were of constitutional magnitude." *Blackman v. Ercole*, No. 06-CV-855, 2009 WL 4891767, at *7 (E.D.N.Y. Dec. 17, 2009) (quoting *Jenkins v. Bara,* 663 F. Supp. 891, 899 (E.D.N.Y. 1987)). The Supreme Court has held that the erroneous admission of evidence of prior convictions for impeachment purposes, under Rule 609(a) of the Federal Rules of Evidence, is a ruling that generally does "not reach[] constitutional dimensions." *Luce v. United States,* 469 U.S. 38, 43, 41-43 (1984). Any error in the *Sandoval* ruling was not of constitutional magnitude. Additionally, "[i]t is well-settled that a petitioner's failure to testify at trial is fatal to any claims of constitutional deprivation arising out of a *Sandoval*-type ruling," because "absent such testimony, a court has 'no adequate non-speculative basis upon which to assess the merits of that claim.'" *Shannon v. Senkowski*, No. 00-CV-2865, 2000 WL 1683448, at *6 (S.D.N.Y. Nov. 9,

2000) (quoting *McEachin v. Ross*, 951 F. Supp. 478, 481 (S.D.N.Y. 1997) (citation omitted)). Petitioner did not testify at trial. Accordingly, Petitioner's *Sandoval* claim cannot be redressed in a federal habeas proceeding, and Petitioner's claim for habeas relief, relating to his *Sandoval* claim, is DENIED.

Petitioner's fifth claim for habeas relief—that the trial court's failure to give a circumstantial-evidence instruction denied him a fair trial—lacks merit for the reasons set forth in the R&R. (*See* R&R 42-43.) The propriety of a particular jury instruction is a matter of state law. *See Perez v. Grenier*, No. 00-CV-5504, 2005 WL 613183, at *6 (S.D.N.Y. Mar. 14, 2005). For that reason, a petitioner's challenge to jury instructions is subject to federal habeas review only if the alleged error deprived him or her of a federal constitutional right. *See Davis v. Strack*, 270 F.3d 111, 123 (2d Cir. 2001). There is, however, no constitutional requirement that a state court issue a circumstantial-evidence instruction to the jury, even where the evidence presented is purely circumstantial. *See Holland v. U.S.*, 348 U.S. 121, 139-40 (1954) (rejecting per se rule requiring circumstantial evidence charge); *Parisi v. Artus*, No. 08-CV-1785, 2010 WL 4961746, at *4 (E.D.N.Y. Dec. 1, 2010) ("There is no federal constitutional right to a circumstantial evidence charge."). Thus, regardless of whether New York law requires a court to issue a particular circumstantial-evidence instruction under the set of facts present in this case, the failure to issue such an instruction does not implicate any federal constitutional right. Accordingly, Petitioner's fifth habeas claim is DENIED.

Petitioner's sixth and final claim for habeas relief—that his sentence of 25 years to life is excessive—was not exhausted and, in any event, lacks merit for the reasons set forth in the R&R. (*See* R&R 44-47.) As a threshold matter, based on the procedural history of Petitioner's direct appeal, it appears that Petitioner abandoned his excessive-sentence claim in his application for

leave to appeal to the state Court of Appeals, and that the claim should therefore be considered unexhausted. (R&R 44-45.) Additionally, in the absence of a challenge to the relevant statute itself, an excessive-sentence claim may only be maintained if the sentence imposed fails to comply with state law. *See White v. Keane*, 969 F.2d 1381, 1383 (2d Cir. 1992) ("No federal constitutional issue is presented where . . . the sentence is within the range prescribed by state law." (citation omitted)). A sentence that is within the range permitted by state law, like the sentence at issue here, *see* N.Y. Penal Law § 70.00, may not be held to be disproportionate under the Eighth Amendment. *Pinero v. Grenier*, 519 F. Supp. 2d 360, 371 (S.D.N.Y. 2007); *see also Echevarria-Perez v. Burge*, 779 F. Supp. 2d 326, 337 (W.D.N.Y. 2011) (noting that, under the sentencing provisions of N.Y. Penal Law § 70.00, the maximum sentence for second degree murder is 25 years to life). Accordingly, Petitioner's excessive-sentence claim is DENIED.

## IV.   CONCLUSION

Having reviewed the Petition and the Report and Recommendation, I am in complete agreement with Judge Freeman and hereby ADOPT the Report and Recommendation in its entirety. The Clerk of Court is respectfully directed to close the case and mail a copy of this Order to Petitioner.

Because Petitioner has not made a "substantial showing of the denial of a constitutional right," no certificate of appealability shall issue. 28 U.S.C § 2253(c)(2).

SO ORDERED.

Dated: June 21, 2016
    New York, New York

*[signature: Vernon Broderick]*
Vernon S. Broderick
United States District Judge